363 P.2d 604

H. V. OVERSON, Appellant,

v.

S. K. MARTIN and Alice E. Martin, his wife, Appellees.

No. 7108.

Supreme Court of Arizona.

In Division.

July 11, 1961.

Wallace O. Tanner, Phoenix, for appellant.

F. Britton Burns and S. Paul Ferrin, Phoenix, for appellees.

HENRY S. STEVENS, Superior Court Judge.

The appellant filed suit against the appellees and procured the entry of their default. Judgment was not entered. The appellees moved to set aside the default. The court entered an order granting the motion. This appeal is from that order.

Mr. and Mrs. Martin, the appellees and defendants in the trial court, left Phoenix with their son in June of 1959. They went to Utah from whence Mr. and Mrs. Martin returned in "late October." Their son, who was less than 21 years of age, preceded them to Phoenix. The suit against the Martins was served on the son at the Martin residence, the exact date of service not being presented to this court. Shortly thereafter the son left Phoenix, it not being clear as to whether he left before or after his father and mother returned to the family home. The default of the defendants was entered November 9, 1959. The motion of the defendants to set aside the default was filed on December 7, 1959.

Within three days after the defendants returned to Phoenix Mrs. Martin became bedridden and was under doctor's care for at least two weeks. Mr. Martin's affidavit states that he "found upon his return to Phoenix (presumably in late October) an accumulation of several weeks' mail, included in which was the complaint and summons left on the family breakfast table * * * he proceeded to gather his facts and figures * * * said data was finally prepared and arrangements made by the defendants to meet with their counsel * * * for the first time on Monday, December 7, 1959 * * *." Obviously more than twenty days expired between the date Mr. Martin became aware of the complaint and summons in his home, began gathering data and finally called upon his attorney.

Rule 55(c), 16 A.R.S., relates to the vacating of a default authorizing the court to enter such an order "for good cause shown." This court is here concerned with whether or not the affidavit of the defendants upon which the trial court vacated the default was sufficient to constitute "for good cause shown." Although there are no recent Arizona cases relating to the vacating of defaults prior to judgment, there are some cases involving the vacating of judgments entered after the default was entered: Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816; Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746. The principles announced relative to "good cause shown" for the delay are applicable in this case even though no judgment has been entered.

The lapse of over a month after the discovery of the complaint and summons on the family breakfast table without attempting to contact the Martins' attorney, even though Mrs. Martin was ill for two weeks of that time, during which Mr. Martin busied himself with the gathering of data, is not a showing of good cause. Thus the granting of the order vacating the default was an abuse of the trial court's discretion. This does not constitute a decision on the question of whether or not a serious family

illness may under some circumstances constitute "good cause."

The order vacating the default is set aside, and the entry of the default is ordered reinstated.

UDALL and LOCKWOOD, JJ., concur.