**C. Addison HUTTON, Guardian of the Estate of Eddie Graybeal, a Minor, Plaintiff,**

v.

**Joseph FISHER, Florence Fisher, his wife, and Howard Fisher, Defendants.**

**Civ. A. No. 28261.**

United States District Court
E. D. Pennsylvania.

Feb. 5, 1964.

Lawrence E. MacElree, Richard Reifsnyder, MacElree, Platt, Marrone & Harvey, West Chester, Pa., for plaintiff.

Francis R. Tworzydlo, Kennett Square, Pa., for defendants.

KIRKPATRICK, District Judge.

The complaint in this suit for personal injuries was served on July 18, 1960. Counsel for the defendants says that he telephoned to counsel for the plaintiff on July 29, 1960, requesting additional time to file his answer and that the plaintiff's counsel told him he could have all the time he needed. This agreement assuming that it was made *, was never confirmed in writing. Thereafter, counsel for the defendants, so far as the record before me shows, did nothing whatever in the matter until November 1, 1963, on which day he entered his appearance, default having been entered against the defendants on October 5, 1960. November 1, 1963, was the day on which the trial for the assessment of damages began. The trial resulted in a jury verdict of $195,000.00 in favor of the plaintiff.

The plaintiff relies upon the one year limitation which Rule 60(b) places upon motions to relieve a party from a final judgment for reasons stated therein, one of which is excusable neglect. The docket in this case shows no entry of a final judgment before November 1. The plaintiff's position is based upon an order by this court on October 5, 1960, which he contends is a final judgment. I do not believe that it is. What I think the order amounts to is an entry of default and a direction that judgment thereon be entered. (Of course, this could not be done until damages had been ascertained.) The order is as follows:

AND NOW, this 5th day of October 1960, upon the within Motion of Plaintiff, it is hereby ordered that Judgment by default shall be entered in favor of Plaintiff against all Defendants named in the above-captioned civil action.

Rule 55 recognizes a clear distinction between an entry of default and a default judgment. Thus, the Rule provides, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." See Trueblood v. Grayson Shops, D.C., 32 F.R.D. 190, 195.

█ █ One difference between an entry of default and a judgment by default is that in case of the former the damages need not have been liquidated while in case of the latter they are. In the present case the damages claimed by the plaintiff were unliquidated prior to November 1, 1963. The one year limitation of Rule 60(b), therefore, applies only to a judgment by default and not to an entry of default.

On November 1, 1963, after hearing evidence on the issue of damages, Judge Wood entered the following:

"ORDERED that judgment be and is hereby entered in favor of Plaintiff C. Addison Hutton, Guardian of the Estate of Eddie Graybeal, a minor, and against the Defendants, Joseph Fisher, Florence

* Counsel for the plaintiff states he has no recollection of it.

Fisher, his wife, and Howard Fisher, in the sum of One Hundred Ninety-Five Thousand and 00/100 ($195,000.00) Dollars, together with costs."

This is a judgment.

The defendants, therefore, had one year from November 1, 1963, in which to move to vacate the default judgment against them.

This motion to vacate was filed November 12, 1963. It is supported by the defendants' affidavit (on information and belief) and by a statement of "facts not appearing of record" contained in the brief of the defendants' counsel, which I assume contains all the facts which the defendants can show in support of this motion. Although, as stated, the plaintiff's counsel says that he does not remember any telephone call, I accept the defendants' version for the purpose of this motion. Even so, and accepting the rest of the facts stated by the defendants' counsel, I cannot find the slightest excuse for the failure of the attorney to act in this matter, certainly nothing even suggesting inadvertence or excusable neglect. The defendants' counsel could not possibly have believed that the answer of the plaintiff's counsel that he could have all the time he required to file his answer meant that he could have over three years.

The defendants' counsel states that the reason that the agreement was not reduced to writing was that he was unfamiliar with federal practice. However, the Pennsylvania rules require such agreements to be in writing and that fact might at least have suggested to him that it was desirable to check the practice in this court. I find nothing in the file or the brief setting forth any reason other than this (except with respect to the defendant, Howard Fisher). I am aware that default judgments are not favored in law and it is unfortunate to have to dispose of a case as serious as this one by default judgment and assessment of damages, but considerations of orderly procedure require that the rules of practice be complied with. In a broad sense the matter is discretionary with the Court, but the Court's discretion would be improperly exercised if this judgment were to be vacated without out a single fact being shown which could excuse the defendants' failure to comply with the rules.

It is admitted by the plaintiff that Howard Fisher is a minor and that the judgment by default against him is invalid.

The motion to vacate the default and the judgment against Joseph Fisher and Florence Fisher is denied and granted as to Howard Fisher.

