429 P.2d 660

**S. K. MARTIN and Alice E. Martin,
husband and wife, Appellants,**

v.

**F. Britton BURNS and Paul Ferrin,
Appellees.**

No. 8351.

Supreme Court of Arizona,
In Division.

July 6, 1967.

A. Y. Moore, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, by Thelton D. Beck and Nicholas Udall, Phoenix, for appellees.

LOCKWOOD, Justice:

This is an action by plaintiffs Martin, appellants here, for alleged malpractice against the attorneys who represented them in the case of Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961). The Martins allege that their attorneys (hereinafter referred to as appellees) were negligent in failing, in the case cited, to call to this Court's attention that an order of the trial court granting a motion to set aside a default entered against the Martins was not appealable, and in failing to file a timely petition for rehearing after this Court ruled against the Martins and reinstated the default.

The original action was commenced by Overson against the Martins. When they failed to answer the summons the Martins were defaulted. Following the entry of the default, the Martins hired the appellees to represent them in an attempt to have the default set aside. The appellees filed a motion to set aside the default. The motion was granted by the trial court. Overson appealed the decision granting the motion to set aside the default to this Court.

The appellees did not raise the question of whether an order setting aside a default was an appealable order.

The only questions raised and decided upon the appeal in the Overson case were whether the Martins were guilty only of excusable delay before default was entered; and whether the trial court abused its discretion in setting aside the default. We resolved these issues against the Martins and ordered the default reinstated. The attorneys for the Martins did not file a motion for rehearing.

The Martins then hired another lawyer, who attempted to stay the mandate in the first case and to present the question of whether the order from the trial court was appealable. This Court ruled that the Martins could not at that time raise the question of the appealability of the order, since the question had not been raised on the appeal, and the Court had jurisdiction over the parties and the subject matter, and the mandate had been issued, although not physically delivered to the trial court. Overson v. Martin, 90 Ariz. 151, 367 P.2d 203 (1961).

The present action for malpractice was filed on April 15, 1963. The appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court treated the motion as one for summary judgment. The trial judge ruled that there was no question of fact presented and that the attorneys were

entitled to a judgment as a matter of law. From this judgment the present appeal ensued.

The only question for our consideration is whether the trial court was correct in ruling that as a matter of law it was not malpractice for the appellees to fail to urge on appeal that the order granting a motion to set aside a default is not appealable, and for the appellees to fail to move for a rehearing when this Court reinstated the default which the trial court had set aside.

 An attorney must act for his client in a reasonably careful and skillful manner in light of his special professional knowledge. Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962). He will not be held liable, while acting in good faith and in a belief that his conduct is for the benefit of his client, for a mere error of judgment or for a mistake in a point of law that has not been settled by the highest court of the jurisdiction and upon which reasonable lawyers may differ. Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1 (1954).

In the present case the appellees did not urge upon this Court the question of the appealability of an order granting the setting aside of a default. There were no cases prior to the consideration of the Overson matter in which this question was presented. See Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961). It is clear that a lawyer cannot predict accurately what courts may in the future decide on a point of law. Hill v. Mynatt, 59 S.W. 163 (Tenn.Ch.App., 1900). Although the appellees may have been incorrect in believing the order to be appealable, we cannot say that they were guilty of malpractice for this error. The law was not well settled at the time of the appeal that the order there involved was not appealable.

It is also alleged that the appellees were negligent in failing to move for a rehearing after the default was reinstated by this Court. It needs no citation of authority to state that we frown upon motions for rehearing that allege the same grounds presented on the original appeal. Since the appellees were not required to know, and did not know, that the order questioned on appeal was not appealable, then they could not have been expected to argue this point in a motion for rehearing. Since it would mean only a reconsideration of the same issues the appellees, therefore, were not negligent in failing to move for a rehearing.

A summary judgment should be entered when no question of fact is presented. Hoopes v. Lamb, 102 Ariz. 335, 429 P.2d 447 (June 21, 1967). The present fact situation discloses no dispute as to the basic facts involved. We hold that as a matter of law the appellees were not negligent in their conduct of the Martins' appeal. Therefore the entry of summary judgment in favor of the appellees was manifestly correct.

Affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.