Albert E. SEANOR, Administrator of the
Estate of Robert D. Seanor, a minor,
deceased

v.

BAIR TRANSPORT COMPANY OF DEL-
AWARE, INC. and William C. Boone.

Civ. A. No. 68-2668.

United States District Court,
E. D. Pennsylvania.

April 1, 1971.

Henry Huhn, Sirott & Huhn, Bristol, Pa., for plaintiff.

James J. Boyle, Takiff, Bolger & Murphy, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court is defendants' motion to set aside a default. On April 1, 1969, plaintiff served a set of interrogatories on defendants. On December 8, having received no answers to his interrogatories, plaintiff filed a motion to compel answers pursuant to Rule 37 of the Federal Rules of Civil Procedure. Our colleague, the Honorable Joseph S. Lord, III held a hearing on plaintiff's motion on December 18 at which he ordered defendants to answer plaintiff's interrogatories within fourteen days. He further ordered that "upon affidavit of plaintiff's counsel that this Order has not been complied with, the Clerk is directed to enter a de-fault judgment against the defendants."

On January 5, 1970, the first working day after the New Year holiday, defendants' counsel mailed to plaintiff's coun-sel a copy of proposed answers and advised him that the executed original answers would be filed as soon as they were received from defendant corporation. The final answers were filed on January 13. Defendants declined, however, to answer two of plaintiff's interrogatories. On January 16 plaintiff's counsel presented an affidavit attesting to defendants' non-compliance with the Court's order and the Clerk entered a default. It is therefore plaintiff's position that this case should now go to trial solely on the issue of damages.

 Although plaintiff requested the entry of a default judgment, what has in fact been entered in this case is a default. A default, as distinguished from a default judgment may be set aside for "good cause shown". F.R.Civ.Proc. 55(c). Such a motion is addressed to the sound discretion of the Court. Kulakowich v. A/S Borgestad, 36 F.R.D. 185 (E.D.Pa.1964). For reasons herein-

after stated, we conclude that defendants have not shown sufficient good cause to have the default set aside and their motion will be denied.

 Defendants contend that the default in this case was improperly entered. They argue that only a refusal to answer any of an opposing party's interrogatories can give rise to an entry of default and not a refusal to answer only some of those interrogatories. In support of this proposition defendants cite Cardox Corp. v. Olin Mathieson Chemical Corp., 23 F.R.D. 27 (S.D.Ill.1958). *Cardox,* however, is clearly distinguishable from the case at bar. There a party sought a default judgment after receiving untimely objections to interrogatories. In the instant case plaintiff moved to compel answers to interrogatories which had been outstanding for a period of over eight months. The Court granted this motion and directed that noncompliance with its Order would result in an entry of default. That defendants were under Court Order to answer plaintiff's interrogatories and did not satisfactorily do so justifies the entry of default.

We are further persuaded to deny defendants' motion to set aside the default by their inordinate delay in so moving. It is admitted that defendants received notice of the entry of default on January 19, 1970, and yet they waited thirteen months to seek to set it aside. While a motion to set aside a default, unlike a motion for relief from a default judgment, need not be made within a specified period of time, nevertheless it must be made with reasonable promptness. Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corporation, 383 F.2d 249 (4th Cir. 1967). We conclude that the long and unexplained delay in this case is extremely unreasonable and requires denial of defendants' motion. To set aside the default at this late date would be to inform plaintiff, virtually on the eve of trial, that he now has to litigate his case on the issue of liability after he has relied for thirteen months on the entry of default and while he has still not received answers to two of his most critical interrogatories. Accordingly, defendants' motion will be denied.