826 P.2d 1196

**William NEVILLE and Luz Neville, husband and wife, Plaintiffs/Appellants,**

**v.**

**Michael J. VINGELLI and Jane Doe Vingelli, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 91–0023.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 24, 1991.

Review Denied April 7, 1992.*

---

**2.** There is no due process or equal protection argument raised concerning the validity of the tax imposed.

* Feldman, C.J., and Zlaket, J., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Norris L. Ganson, Tucson, for plaintiffs/appellants.

Parrish & Vingelli by Kyle A. Bryson, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

This appeal is taken from the order of the trial court granting appellees' motion to set aside a default and motion to dismiss the complaint.

Appellants filed their complaint on November 16, 1989, alleging that appellee Michael Vingelli represented both appellants and the other party in a loan transaction and failed to fully inform appellants about the security they were receiving for lending the money. Default was entered on January 3, 1990. On May 15, 1990, the trial court set aside entry of default, sua sponte, and granted appellees' motion to dismiss the complaint. On July 17, 1990, appellants' motion for reconsideration was granted and the previous orders granting the motion to dismiss and setting aside the default were vacated. On August 15, 1990, appellees filed a motion to set aside the default and a renewed motion to dismiss the complaint. After a hearing, the motions were granted and this appeal followed.

Two issues are raised on appeal: (1) appellees' motion to set aside the default was untimely and should not have been granted; and, (2) appellees' motion to dismiss contained matters outside the pleadings and should have been treated as a motion for summary judgment which should not have been granted because there are contested issues of material fact. We reverse.

Rule 55(c) of the Rules of Civil Procedure, 16 A.R.S., provides that a default may be set aside for good cause shown in accordance with Rule 60(c), which requires that a motion to set aside a default because of excusable neglect must be made within six months of the entry of default. Appellants argue that because the Rule 60(c) motion was not made until August 15, 1990, more than six months after the entry of default on January 3, 1990, it was untimely. This, they argue, deprives the trial court of jurisdiction to consider the motion. We disagree.

On May 15, 1990, before the expiration of the six-month period, the trial court set aside the default. As of that date, there was no need for appellees to file a motion under Rule 60(c) because there was no default. On July 17, 1990, the trial court reconsidered its order and reinstated the entry of default. On August 15, 1990, well within the time allowed, appellees filed a motion to set aside the default. The trial court had jurisdiction to entertain appellees' motion.

Appellants raise no argument as to whether the trial court acted properly in ruling for appellees on the merits of their Rule 60(c) motion. Therefore, we express no opinion as to whether the trial court's ruling setting aside the default was correct.

Appellants also contend that the trial court erred in granting appellees' motion to dismiss the complaint. They argue that the trial court considered matters outside the pleadings and, therefore, the motion to dismiss had to be treated as a motion for summary judgment. *Pritchard v. State*, 163 Ariz. 427, 788 P.2d 1178 (1990). They contend that the granting of summary

judgment was improper because there are contested issues of material fact.

■ The motion was based on the contention that appellants' complaint stated a claim for legal malpractice which was barred by the statute of limitations.[1] We agree that there is at least one contested issue of material fact, namely, whether an attorney-client relationship existed between appellants and appellee Michael J. Vingelli at the time of the loan transaction. Appellants' original complaint alleged such a relationship, and appellees' motion to dismiss denied it. This issue is crucial to appellants' case. If the relationship existed, appellants' complaint, filed on November 16, 1989, would not be barred by the statute of limitations because they claim they did not discover the breach of "a relationship of confidence and trust" until December 1988. Thus, the action would accrue from that date and the complaint is within the two-year period of the statute of limitations. *Schroeder v. Hudgins,* 142 Ariz. 395, 690 P.2d 114 (App.1984). On the other hand, if an attorney-client relationship did not exist, appellants' complaint would be barred because the cause of action would have accrued in 1980.

The relevant facts are in dispute. Appellee Michael Vingelli submitted an affidavit stating that he could not have represented appellants because both knew that he was representing the other party to the transaction. Appellant William Neville alleges that he believed he had reason to trust appellee because appellee had acted as his attorney in the past and that appellee never advised him that he was not representing him in this matter.

■ The Model Rules of Professional Conduct, Supreme Court Rule 42, 17A A.R.S., E.R. 1.3, Comment, states:

... If a lawyer has served a client over a substantial period in a variety of matters, the client sometimes may assume that the lawyer will continue to serve on a continuing basis unless the lawyer gives notice of withdrawal. Doubt about whether a client-lawyer relationship still exists *should be clarified by the lawyer, preferably in writing,* so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so....

(Emphasis supplied)

Although the Model Rules had not been adopted in Arizona in 1980, the ABA Model Code of Professional Responsibility was in effect. See former Supreme Ct.R. 29(a). The comment to Canon 9 of that Code states that a lawyer "should avoid even the appearance of professional impropriety." The duty of the lawyer to inform a former client that an attorney-client relationship does not exist is contained in D.R. 7–104, "Communicating With One of Adverse Interest." It provides:

(A) During the course of his representation of a client a lawyer shall not:

\*    \*    \*    \*    \*    \*

(2) give advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client.

(Footnotes omitted)

Even if it is true that appellants initiated the transaction here at issue, because of his ongoing representation of Neville in other matters, appellee had a duty to inform appellants appellee was not representing their interests in the loan transaction. See *Connelly v. Wolf, Block, Schorr and Solis–Cohen,* 463 F.Supp. 914 (E.D.Pa. 1978) (attorney/client relationship can, under certain circumstances, be implied from conduct of the parties); *Quaglino v. Quaglino,* 88 Cal.App.3d 542, 152 Cal.Rptr. 47 (1979) (question of whether an attorney is representing a person is not a technical nicety of the law alone, but involves also questions of fact to be determined by the trial court based on the conduct of counsel

---

1. Appellants maintained that their claim was based on common law fraud. However, for purposes of the motion to dismiss, both parties and, presumably, the trial court, treated the matter as a legal malpractice action. We do also, without expressing any opinion as to the merits of that claim.

and the evidence before it); *Zych v. Jones,* 84 Ill.App.3d 647, 40 Ill.Dec. 369, 406 N.E.2d 70 (1980) (contract between attorney and client may be express or implied, oral or written). See also *Kurtenbach v. Tekippe,* 260 N.W.2d 53 (Iowa 1977). Because the facts relevant to this issue are in dispute, the trial court erred in dismissing the complaint.

Reversed.

ROLL, P.J., and FERNANDEZ, J., concur.