200 P.3d 1032

**Carol HARPER, a single person, Plaintiff/Appellee,**

v.

**CANYON LAND DEVELOPMENT, LLC, an Arizona limited liability company, Defendant/Appellant.**

No. 1 CA–CV 07–0887.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 23, 2008.

Ellis & Baker, P.C. By Teresa H. Foster, Phoenix, Attorneys for Defendant/Appellant.

Berens, Kozub & Kloberdanz, PLC By Richard W. Hundley, Phoenix, Attorneys for Plaintiff/Appellee.

## OPINION

HALL, Judge.

¶ 1 This appeal requires us to determine whether a default judgment may be set aside pursuant to Arizona Rule of Civil Procedure (Rule) 60(c)(1) for excusable neglect when the defendant moves for relief within six months of the judgment but more than six months following the entry of default. The trial court denied Canyon Land Development, LLC (CLD)'s motion to set aside the default judgment on the basis that it was untimely. Concluding that the six-month limitation in Rule 60(c) commences when the judgment is filed and not when the default is entered, we vacate the trial court's order denying relief and remand for further proceedings consistent with this Opinion.

## BACKGROUND

¶ 2 Carol Harper filed a complaint against CLD on August 11, 2006 asserting theories of breach of contract and quantum meruit and demanded judgment in the amount of $18,500.00 as compensation for bookkeeping services she performed for CLD. The complaint and summons were served on CLD's listed statutory agent, who then forwarded the documents to the address provided him by CLD. After CLD failed to answer, Harper applied for entry of default on September 19, 2006. CLD did not file a responsive pleading and the default became effective ten days later. *See* Ariz. R. Civ. P. 55(a)(2). Because the complaint demanded a "sum certain" as damages, Harper moved for entry of judgment without hearing pursuant to Rule 55(b)(1)(i). The trial court filed a default judgment on December 22, 2006 in the amount of $33,552.44, which included pre-

judgment interest and costs. In May 2007, Harper sent a writ of garnishment to M & I Bank, which subsequently provided a copy of the notice of garnishment to Harper's ex-husband, the managing member of CLD. CLD filed a motion to set aside the default judgment on June 14, 2007, citing Rule 55(c) and Rule 60(c)(1) and (c)(6).[1] Thus, CLD filed its motion within six months of the entry of judgment but more than six months after the entry of default. The trial court denied CLD relief under Rule 60(c)(1) because the motion was "not timely filed within six months of the entry of default" and found that CLD was not otherwise entitled to relief under Rule 60(c)(6). We have jurisdiction over CLD's appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101(C) (2003).

## DISCUSSION

■ ¶ 3 The question raised by this appeal is whether the six-month time limit for applying for relief under Rule 60(c)(1) applies to the setting aside of an entry of default pursuant to Rule 55(c).[2]

■ ¶ 4 Although we generally review the trial court's denial of a Rule 60(c) motion for an abuse of discretion, *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21, 124 P.3d 770, 777 (App.2005), we review the interpretation of court rules de novo. *In re Reymundo F.*, 217 Ariz. 588, 590, ¶ 5, 177 P.3d 330, 332 (App.2008). In construing rules, we give effect to the plain meaning unless the language is ambiguous, *Byers–Watts v. Parker*, 199 Ariz. 466, 469, ¶ 10, 18 P.3d 1265, 1268 (App. 2001), or would create an absurd result, *Dunn v. Indus. Comm'n*, 177 Ariz. 190, 194, 866 P.2d 858, 862 (1994). In addition, we

---

1. CLD asserted that it received actual notice of the lawsuit only four business days before seeking relief from the default judgment. In its motion, CLD claimed the judgment should be set aside pursuant to either Rule 60(c)(1) on the ground of excusable neglect or the catchall provision of Rule 60(c)(6), which requires the movant to show "extraordinary circumstances of hardship or injustice justifying relief," *Davis v. Davis*, 143 Ariz. 54, 57, 691 P.2d 1082, 1085 (1984), because: (1) Harper did not send a copy of the application for default to CLD's attorney as required by Rule 55(a)(1)(ii); (2) CLD's listed statutory agent on record with the Arizona Corpora-

tion Commission was its former accountant, who had not been employed by CLD since 2003; and (3) the address to which the statutory agent forwarded the complaint and summons was no longer current.

2. CLD also asserts on appeal that the trial court erred by not granting relief pursuant to Rule 60(c)(6). We conclude, however, that the trial court did not abuse its discretion when it did not find the extraordinary circumstances required to justify relief under that rule.

conclude that, because default judgments are not favored, the same liberality that governs the application of the rules to a particular case should govern the interpretation of the rules, resolving any doubts in favor of the interpretation that facilitates deciding cases on their merits. *See Richas v. Superior Court,* 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982) (observing that all doubts as to whether a default should be set aside should be resolved in favor of the moving party); *Cota v. S. Ariz. Bank & Trust, Co.,* 17 Ariz.App. 326, 327, 497 P.2d 833, 834 (1972) ("Because it prevents a trial on the merits, a default judgment is not favored by the courts.").

¶5 Rule 55 governs the procedures pertaining to parties against whom affirmative relief has been sought but who have failed to plead or otherwise defend. Rule 55(a) sets forth the procedures by which a party may apply to the clerk of the court for an entry of default. Rule 55(b) explains the differing procedures by which a party may obtain judgment against a defaulted party. Here, because Harper sought a sum certain in her complaint, she applied for and received a default judgment by ex parte motion as provided in Rule 55(b)(1)(i). Rule 55(c) permits a defaulted party to seek to have the default set aside, and reads: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c)." To obtain effective relief, CLD would have to have both the entry of default and default judgment set aside.

■ ¶6 No Arizona case has specifically addressed whether a motion to set aside a default judgment pursuant to Rule 60(c)(1) is timely if filed within six months of the judgment but more than six months following the entry of default by the clerk.[3] Arizona's version of Rule 55(c) is derived from, and worded precisely the same as, the corresponding federal rule that was in effect until December 1, 2007.[4] In addition, the wording of our Rule 60(c) was virtually identical to its federal analogue, Federal Rule of Civil Procedure 60(b) until the 2007 revisions.[5]

**3.** In support of its holding that the motion must be filed within six months of the entry of default, the trial court relied on *Neville v. Vingelli,* 170 Ariz. 570, 571, 826 P.2d 1196, 1197 (App.1991), which interpreted Rule 55(c) as providing that "a default may be set aside for good cause shown in accordance with Rule 60(c), which requires that a motion to set aside a default because of excusable neglect must be made within six months of the entry of default." However, the defendants in *Neville* did not assert that Rule 60(c)'s six-month limitation was inapplicable to entries of default and the court, in rejecting plaintiffs' claim that the Rule 60(c) motion was untimely, simply assumed, without citation to authority, that a motion to set aside an entry of default must be filed within six months of its entry. Thus, the statement was unconsidered dictum. " 'Judicial assumptions concerning . . . issues that are not contested are not holdings.' " *FDIC v. McSweeney,* 976 F.2d 532, 535 (9th Cir.1992) (quoting *United States v. Daniels,* 902 F.2d 1238, 1241 (7th Cir.1990)); *see also Creach v. Angulo,* 186 Ariz. 548, 552, 925 P.2d 689, 693 (App.1996) ("Dictum is not binding precedent because, *inter alia,* it is without the force of adjudication and the court may not have been fully advised on the question.").

**4.** The current federal rule states, "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The note to the 2007 amendment states, in relevant part, "The language of Rule 55 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. . . . These changes are intended to be stylistic only."

**5.** Arizona's Rule 60(c) provides, in relevant part:

**Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.**
On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

Therefore, we would normally interpret Rules 55(c) and 60(c) in a manner consistent with interpretations of the analogous federal rules. *Leahy v. Ryan,* 20 Ariz.App. 110, 112 n. 1, 510 P.2d 421, 423 n. 1 (1973) ("Rule 60(c) has the exact working [sic] as [former] Rule 60(b) of the Federal Rules of Civil Procedure and therefore construction of the federal rule is persuasive authority."); *see also Orme Sch. v. Reeves,* 166 Ariz. 301, 304, 802 P.2d 1000, 1003 (1990) (noting that "uniformity in interpretation of our rules and the federal rules is highly desirable").

¶ 7 Were we to do so here, we would readily conclude that the six-month limitation for seeking relief from final judgments pursuant to Rule 60(c)(1) is inapplicable to entries of default. The overwhelming weight of authority recognizes an entry of default as simply an interlocutory step on the path to a default judgment. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3d ed. 2008) ("The entry [of default] simply is an official recognition of the fact that one party is in default. . . . The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)."). Accordingly, courts in jurisdictions whose analogous rule permits a party to apply for relief, as does Rule 60(c), "from a final judgment, order, or proceeding," have generally held that the "good cause" that must be shown to obtain relief from an entry of default is not limited by either the grounds or the time limitations for setting aside a final judgment. *Id.* at § 2698 ("A motion to set aside an entry of default is

not governed by Rule 60(b) . . . or by any express time limits."); *Hutton v. Fisher,* 35 F.R.D. 167, 168 (E.D.Pa.1964) ("The [time limitation] of [the federal equivalent of Rule 60(c) ] . . . applies only to a judgment by default and not to an entry of default."), *vacated on other grounds, Hutton v. Fisher,* 359 F.2d 913 (3rd Cir.1966); *see also* 29 A.L.R. Fed. 7 (1976) ("While the specific grounds for relief from a default or other final judgment which are listed in Rule 60(b) (for example, 'mistake, inadvertence, surprise, or excusable neglect') have frequently been regarded as included within the concept of good cause for purposes of Rule 55(c), it is generally recognized that good cause is a broader and more liberal standard requiring less justification for relief than would be necessary under Rule 60(b)."). Even though a motion to set aside an entry of default is not governed by Rule 60(b), and Rule 55(c) does not specify a time within which such a motion must be filed, federal courts have nonetheless required that the motion be made within a "reasonable time," *Titus v. Smith,* 51 F.R.D. 224, 226 (E.D.Pa.1970) ("Since the entry of default is interlocutory, there is no fixed time limitation upon the power of the court to set it aside. The only time limitation is one of reasonable time."), or with "reasonable promptness" upon discovery of the default, *Seanor v. Bair Transp. Co. of Del.,* 54 F.R.D. 35, 36 (E.D.Pa.1971) (finding thirteen-month delay in seeking to set aside default was not reasonably prompt).

¶ 8 Courts in states whose corresponding rules are identical or nearly identical to Ari-

---

Federal Rule 60(b) was rewritten as Rule 60(b)-(e) *in 2007. As with Rule 55, "[t]he language of Rule 60[was] amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The[ ] changes [were] intended to be stylistic only."* Cmt. to 2007 amendment. As rewritten, Rule 60(b), (c)(1) provides:

   **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discov-

ered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.
   **(c) Timing and Effect of the Motion.**
   **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

zona's have interpreted their rules in a similar manner. For example, the Supreme Court of Alaska has interpreted the "good cause" requirement for setting aside a default entry in Alaska Rule of Civil Procedure 55(e) as more flexible and lenient than the Rule 60(b) standard for setting side a default judgment. *Hertz v. Berzanske*, 704 P.2d 767 (Alaska 1985), *superseded by statute on other grounds*. Likewise, in Washington, the time within which to file a motion to set aside an entry of default is not subject to the one-year limitation in Washington Civil Rule 60(b) for vacating a default judgment. *See Sanderson v. Univ. Vill.*, 98 Wash.App. 403, 989 P.2d 587, 590 (1999) ("We agree that ... motions to vacate default *orders* are not subject to a one-year limitation under CR 60(b). If we were to read CR 60(b) as applying to vacating default orders, CR 55(c)(1) would have no application.").[6]

¶ 9 Our analysis, however, must take into account that the Arizona Supreme Court has determined that the "good cause" showing required in Rule 55(c) for setting aside an entry of default is circumscribed by the grounds for setting aside a final judgment in Rule 60(c). *See, e.g., Webb v. Erickson*, 134 Ariz. 182, 185–86, 655 P.2d 6, 9–10 (1982) ("The test of good cause is the same for an entry or judgment of default."); *DeHoney v. Hernandez*, 122 Ariz. 367, 371, 595 P.2d 159, 163 (1979) ("The 'good cause' requirement of Rule 55(c) coincides with the standard governing the propriety of setting aside a default judgment under Rule 60(c)."). Based on these and other Arizona cases equating Rule 55(c)'s "good cause" showing with that required for establishing the *substantive* grounds for setting aside a judgment in Rule 60(c), Harper makes the not unreasonable argument that the six-month limitation in Rule 60(c) likewise limits the period within which a party may apply to set aside entries of default under Rule 55(c), thereby depriving the superior court of jurisdiction to entertain such motions not filed within six months of the entry of default. *See State v. McCarrell*, 80 Ariz. 240, 243, 295 P.2d 1086, 1088 (1956) (noting that the six-month limitation in Rule 60(c) is jurisdictional).

¶ 10 Although the *Webb–DeHoney* rule is well-settled in Arizona, the supreme court has never held that the time limitation governing Rule 60(c)(1) applies to a motion to vacate an entry of default. Moreover, given the lack of any reference to a time limitation in Rule 55(c), we do not believe the *Webb–DeHoney* rule compels us to so hold.[7] In-

6. Harper's reliance on California cases interpreting its analogous statute is misplaced because California does not limit relief to *final* judgments. *See* Cal. Civ.Code § 473(b) (2008) ("The court may ... relieve a party ... from a judgment, dismissal, order, or other proceeding taken against him....").

7. Although Arizona's Rules 55(c) and 60(c) are essentially identical to their federal analogues, our case law has not previously noted the different interpretation federal courts have given their rules. This omission may be in part attributable to the circumstance that whether an entry of default can be set aside on grounds less compelling than needed to obtain Rule 60(c) relief has never been squarely put to the Arizona Supreme Court. For example, *Webb* and *DeHoney* did not hinge on whether the relief available under the "good cause" standard of Rule 55(c) coincided with that available pursuant to Rule 60(c). In *Webb*, the defendants failed to file their motion within six months of the default judgment, but the supreme court determined that they were entitled to relief under Rule 60(c)(6)'s catchall provision, which requires filing "within a reasonable time." 134 Ariz. at 184–85, 190, 655 P.2d at 8–9, 14. In *DeHoney*, which relies on *Overson v. Martin*, 90 Ariz. 9, 363 P.2d 604 (1961), for the

proposition that Rule 55(c)'s good cause requirement "coincides with the standard governing the propriety of setting aside a default judgment under Rule 60(c)," 122 Ariz. at 371, 595 P.2d at 163, the supreme court concluded that the trial court properly set aside the entry of default because the movants had demonstrated excusable neglect. *Id.* In *Overson*, the trial court set aside an entry of default upon a showing that the defendants were out of the state when their son was served and did not discover the complaint and summons until Mr. Martin sorted through the mail that had accumulated in their absence. 90 Ariz. at 10–11, 363 P.2d at 604–05. In determining that "[t]he lapse of over a month after the discovery of the complaint and summons on the family breakfast table without attempting to contact [their] attorney" was not a showing of good cause, the supreme court stated: "The principles announced relative to 'good cause shown' for the delay [in cases pertaining to default judgments] are applicable in this case even though no judgment has been entered." *Id.* Thus, *Overson* does not actually hold that the grounds for showing good cause to set aside an entry of default are limited to those in Rule 60(c). Rather, the court's conclusion that the defendants waited too long to seek relief after becoming aware of the

**540**

stead, we look to the language of Rule 60(c), which expressly applies only to *"final* judgments, orders or proceedings." (Emphasis added.) And an entry of default by the clerk in accordance with Rule 55(a) is, as we previously noted, "simply [ ] an official recognition of the fact that one party is in default" and is no more than an "interlocutory step" in a process that may lead to a final judgment. An entry of default is clearly not a final judgment. We therefore conclude that a motion to set aside an entry of default is not subject to the six-month limitation in Rule 60(c). *See Altman v. Anderson,* 151 Ariz. 209, 211–12, 726 P.2d 625, 627–28 (App.1986) ("The six-month limitation of the filing of a motion under Rule 60(c)(1) applies only to *final* judgments, orders, or proceedings. A judgment, order, or proceeding is not final until all claims between the parties are disposed of unless the court makes an appropriate express determination that there is no reason for delay and directs entry of judgment as to part of the dispute."); *see also Jarnagin v. Busby, Inc.,* 867 P.2d 63, 69 (Colo.Ct.App.1993) (declining to apply Colorado's analogous six-month limitation period to motion to set aside entry of default where judgment of default was never entered). On the other hand, were we to accept Harper's claim that a request to set aside a judgment by default on motion is untimely if not filed within six months of the entry of default, we would essentially be rewriting Rule 60(c) to read: "The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken *except that in the case of a default judgment, the motion shall be filed not more than six months after the entry of default.*" Such an interpretation would be contrary to the plain meaning rule of statutory construction.

¶ 11 Harper similarly argues that the word "proceeding" as used in Rule 60(c) is a broad term that refers to the progression of a lawsuit and may encompass non-final acts such as an entry of default by the clerk. *See Black's Law Dictionary* 1083 (5th ed. 1979) ("The word may be used synonymously with

'action' or 'suit' to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party."). We again disagree because, however expansively one defines "proceeding," the relief provided by Rule 60(c) is not available for proceedings that have not reached a final determination. *See Hulson v. Atchison, Topeka and Santa Fe Ry. Co.,* 27 F.R.D. 280, 284 (N.D.Ill.1960) ("The word 'proceeding' following 'final judgment, order' must be confined to judicial determinations similar to the class of words specifically described and the general word may not be used to enlarge the class which is specifically described.").

## CONCLUSION

¶ 12 Because CLD pursued Rule 60(c) relief within six months after the default judgment was filed, the trial court was not precluded from considering its claim of excusable neglect. Accordingly, we reverse and remand for further proceedings consistent with this Opinion.

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and PATRICK IRVINE, Judge.

complaint and summons is consistent with the general rule that a defendant must promptly seek relief upon discovery of the default. See ¶ 7, *supra.*