IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| XAVIER R. and ATHENA R., | ) | 2 CA-JV 2012-0005 |
| | ) | DEPARTMENT B |
| Appellants, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| JOSEPH R., | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. J196085

Honorable Christopher Staring, Judge

AFFIRMED

Pima County Office of Children's Counsel
  By Rebecca Curtiss                                                                           Tucson
                                                                    Attorneys for Appellants


Emily Danies                                                                                 Tucson
                                                                      Attorney for Appellee


Thomas C. Horne, Arizona Attorney General
  By Dawn R. Williams                                                                         Tucson
                                                                    Attorneys for Arizona
                                                        Department of Economic Security


K E L L Y, Judge.

¶1        Xavier R. and Athena R. appeal the juvenile court's judgment denying the motion to sever the parental rights of their father, Joseph R., filed by the Arizona Department of Economic Security (ADES). The children argue the court abused its discretion in concluding ADES had failed to present sufficient evidence from which it could find termination of Joseph's parental rights was in the children's best interest. Finding no error, we affirm.

**Notice of Appeal**

¶2        Before addressing the children's argument on appeal, we first must decide whether this appeal is properly before us given the contents of the notice of appeal. *Cf. State v. Mohajerin*, 226 Ariz. 103, ¶ 6, 244 P.3d 107, 110 (App. 2010) (appellate court may examine jurisdiction sua sponte); *In re Maricopa Cnty. Juv. Action No. J-78151-S*, 119 Ariz. 320, 321, 580 P.2d 781, 782 (App. 1978) (raising sua sponte whether order appealable). Rule 104(B), Ariz. R. P. Juv. Ct., requires an attorney who files a notice of appeal in a juvenile matter to include the following statement of assurance in the notice: "By signing and filing this notice of appeal, undersigned counsel avows that [he/she] communicated with the client after entry of the judgment being appealed, discussed the merits of the appeal and obtained authorization from the client to file this notice of appeal." The same subsection of the rule provides that if counsel fails to include this statement of assurance in the notice of appeal, the juvenile court must strike the notice. Ariz. R. P. Juv. Ct. 104(B). Here, counsel for the children stated the following: "due to clients' ages [of two and four] they cannot reasonably participate in the requirement of

2

[Rule] 104(B) that they understand and consent to the appeal, therefore, Minor's counsel is making that assertion on behalf of her minor clients." We must decide whether counsel has satisfied the requirements of the rule or whether the notice must be stricken and, consequently, whether we must dismiss the appeal.

¶3        "[W]e review de novo questions involving the interpretation of court rules and 'evaluate procedural rules using principles of statutory construction.'" *Haroutunian v. ValueOptions, Inc.*, 218 Ariz. 541, ¶ 6, 189 P.3d 1114, 1117 (App. 2008), *quoting Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005). "We therefore must determine and give effect to the intent of the supreme court in promulgating the rule, 'keeping in mind that the best reflection of that intent is the plain language of the rule.'" *Southwest Gas Corp. v. Irwin*, 229 Ariz. 198, ¶ 9, 273 P.3d 650, 654 (App. 2012), *quoting Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551, 555 (App. 2011). Unless the rule is unclear or ambiguous, or giving effect to the plain language "would create an absurd result," we will not employ principles of construction in order to determine the meaning of the rule and the supreme court's intent in promulgating it. *See Harper v. Canyon Land Dev., LLC*, 219 Ariz. 535, ¶ 4, 200 P.3d 1032, 1033-34 (App. 2008); *see also Potter v. Vanderpool*, 225 Ariz. 495, ¶ 8, 240 P.3d 1257, 1260 (App. 2010).

¶4        On its face, the language of Rule 104(B) appears clear, particularly when applied to the situation in which an attorney is representing a parent, ADES, or a party other than the minor. But it can be "susceptible to differing interpretations,"

*Haroutunian*, 218 Ariz. 541, ¶ 28, 189 P.3d at 1124, depending on the age and maturity of the appellant, and its application in certain situations can create a result that is absurd and nonsensical. *See State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991) (stating appellate court will give rule's clear language "its usual, ordinary meaning unless doing so creates an absurd result"). Requiring an attorney who, as here, represents a young child or infant to comply strictly with the plain language of Rule 104(B) would create an absurd result.

¶5 We do not believe the supreme court intended such a result. To ascertain the court's intent, "we may consider 'a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose.'" *Haroutunian*, 218 Ariz. 541, ¶ 6, 189 P.3d at 1117, *quoting State ex rel. Romley*, 168 Ariz. at 169, 812 P.2d at 987; *Lake Havasu City v. Mohave Cnty.*, 138 Ariz. 552, 555, 675 P.2d 1371, 1374 (App. 1983).

¶6 In so doing, we look first to Rule 36, Ariz. R. P. Juv. Ct., which requires that we interpret the rules of juvenile procedure "in a manner designed to protect the best interests of the child." To construe Rule 104(B) to require the impossible—that an attorney obtain authorization from a child to file an appeal when the child is too young to understand "the merits of the appeal" or even what the appellate process is—would not only make that rule absurd, but would fail to protect the child's best interests, as it effectively would deprive that child of the opportunity to seek appellate review. *Cf. Cecilia A. v. Ariz. Dep't. of Econ. Sec.*, 229 Ariz. 286, ¶ 10, 274 P.3d 1220, 1223 (App.

4

2012) (approving trial court's allowance of guardian ad litem filing notice of appeal without Rule 104(B) language for mother unable to consent and noting contrary conclusion would deprive her of appeal through no fault of her own).  We therefore consider what Rule 104(B) does require.

¶7        Initially, the juvenile procedural rules require an attorney representing a child in a guardianship, dependency or severance proceeding to communicate in an age-appropriate manner with his or her client about the proceeding at all stages.  Rule 40.1(B), Ariz. R. P. Juv. Ct., requires an attorney appointed to represent a child to

> inform the child, *in an age and developmentally appropriate manner,* about the nature of the proceedings, the attorney's role, that the child has the right to attend hearings and speak to the judge, the consequences of the child's participation or lack of participation, the possible outcomes of each hearing, and other legal rights with regards to the dependency proceeding and the outcomes of each substantive hearing.

(Emphasis added.)  This requirement suggests the drafters of the rule intended the Rule 104(B) avowal to reflect an age-appropriate discussion about the client's legal rights in the proceeding.  When a child is of sufficient age to engage in such a discussion, counsel should proceed with that discussion and so avow in his or her notice of appeal.

¶8        Some children, however, may be too young to understand the proceedings and such a discussion essentially will be impossible.[1]  When that is so, strict compliance

---

[1]At what age this occurs is difficult to pinpoint given the different rates at which children develop.  Such an inquiry would best be made in the juvenile court in the first instance.  But because counsel here has avowed that the children could not understand, and because the juvenile court accepted the notice of appeal, thereby at least implicitly accepting that assertion, we need not resolve that issue today.

with the rule's requirements should not be required and counsel's avowals in that regard may excuse him or her from having to comply. When counsel is appointed in juvenile actions, he or she advances the child's best interest by, inter alia, "advocating the child's position in the dispute." *In re Yavapai Cnty. Juv. Action No. J-8545*, 140 Ariz. 10, 16, 680 P.2d 146, 152 (1984). In that role, and in light of our mandate to interpret Rule 104(B) in a manner that is in the best interests of the child, we conclude that in most circumstances it is appropriate for counsel to file a notice of appeal on behalf of his or her client who is too young to engage in the discussion required by Rule 104(B).[2] Accordingly, we conclude the notice of appeal here was sufficient and need not be stricken.

**Sufficiency of Evidence**

¶9 We now turn to the children's arguments on appeal and view the facts in the light most favorable to affirming the juvenile court's findings. *In re Maricopa Cnty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106, 876 P.2d 1137, 1141 (1994). Xavier and Athena were taken into custody by ADES in October 2010, a few weeks after their mother was reported missing. Joseph was arrested shortly thereafter and has been

---

[2]At the same time, counsel representing a client with diminished capacity is obligated under Arizona's rules of professional conduct to, "as far as reasonably possible, maintain a normal client-lawyer relationship with the client." ER 1.14(a), Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42. And, if counsel "reasonably believes" that the client's age puts the client "at risk of substantial physical, financial or other harm," the lawyer may "take reasonably necessary protective action," which here might include "seeking the appointment of a guardian ad litem," if one already has not been appointed in the matter. ER 1.14(b), Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42; *see also* ABA Model Code of Professional Responsibility EC 7-11, EC 7-12.

incarcerated since then. The children were adjudicated dependent after Joseph admitted the allegations in an amended dependency petition in December 2010, and in April 2011 ADES filed a motion for termination of his parental rights on the grounds of abandonment pursuant to A.R.S. § 8-533(B)(1) and, as to Athena, length of time in care pursuant to § 8-533(B)(8)(b).[3]

¶10      After a contested severance hearing, the juvenile court concluded ADES had shown by clear and convincing evidence that Joseph had abandoned the children. Because the court concluded ADES had not met its burden of showing by a preponderance of the evidence that severance was in the children's best interests, it denied the motion to terminate Joseph's parental rights. This appeal followed.

¶11      On appeal, the children maintain the juvenile court abused its discretion in concluding ADES had failed to establish that severance of Joseph's parental rights was in their best interests. They cite evidence in the record showing they had benefited from therapy since being taken into care and their current placement was willing to adopt them. Before terminating a parent-child relationship, a court must find not only that clear and convincing evidence demonstrates the existence of at least one statutory ground for severance, but that a preponderance of the evidence shows severance is in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, ¶ 22, 110 P.3d 1013,

---

[3]On the first day of the contested severance hearing, ADES moved to amend its motion to terminate parental rights to include, as a ground for severance as to both children, that they had been in a court-ordered, out-of-home placement for nine months or longer. *See* § 8-533(B)(8)(a). Joseph did not oppose the motion, and the juvenile court granted ADES leave to amend.

1018 (2005). "[A] determination of the child[ren's] best interest must include a finding as to how the child[ren] would benefit from a severance or be harmed by the continuation of the relationship." *In re Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990) (emphasis omitted). We will affirm the court's judgment unless it abused its discretion by making "factual findings [that] are clearly erroneous[;] that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, ¶ 2, 982 P.2d 1290, 1291 (App. 1998).

¶12 In its ruling concluding that ADES had not shown severance was in the children's best interests, the juvenile court set forth its findings of fact and conclusions of law in a detailed, nine-page minute entry. "In light of the . . . court's thorough findings of fact and sustainable conclusions of law with respect to both the statutory grounds for severance and the children's best interests, we believe little would be gained by our further 'rehashing the . . . court's correct ruling' in our decision." *Jesus M. v. Ariz. Dep't. of Econ. Sec.*, 203 Ariz. 278, ¶ 16, 53 P.3d 203, 207-08 (App. 2002), *quoting State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). The children's challenge to the court's ruling essentially asks us to reweigh the evidence presented to the court and to replace its judgment with our own, something we will not do. *See id*. ¶ 4 (appellate court will affirm severance order unless "clearly erroneous"); *Maricopa Cnty. Juv. Action No. JS-8441*, 175 Ariz. 463, 465, 857 P.2d 1317, 1319 (App. 1993) (appellate court does not reweigh evidence), *abrogated on other grounds by Kent K.*, 210 Ariz. 279, ¶¶ 12, 22

8

110 P.3d at 1016, 1018. We cannot say the court abused its discretion, and its order denying ADES's motion to terminate Joseph's parental rights is therefore affirmed.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge