NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

JACQUELINE C., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC
SECURITY, A.C., M.C., L.G., L.G.,
L.G., L.G., L.G., L.G., *Appellees*.

No. 1 CA-JV 14-0048
FILED 06-05-2014

———————————————

Appeal from the Superior Court in Maricopa County
No. JD509157
The Honorable David J. Palmer, Judge

**REVERSED**

———————————————

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee ADES*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Samuel A. Thumma joined.

---

**J O H N S E N**, Judge:

**¶1**        Jacqueline C. ("Mother") appeals from the superior court's order terminating her parental rights to her eight children.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 8-235 (2014) and 12-120.21(A) (2014).[1]   We accept a confession of error by the Arizona Department of Economic Security ("ADES") and reverse the order of termination.

**¶2**        After it was alleged that Mother's husband had physically abused one of the children, Child Protective Services ("CPS"), a division of ADES, took all eight of her children into custody.  The court found the children dependent as to Mother, and ADES eventually moved to sever the parent-child relationship.

**¶3**        At the severance trial, a CPS specialist testified Mother participated, to some extent, in parent-aide services, psychological evaluation, supervised visitation with her children, individual counseling, urinalysis testing and two substance-abuse assessments.  In the final parent-aide report, a CPS supervisor noted that Mother had maintained stable housing and employment and that the "Parent Aide [] observed no parenting concerns during visits."  As a result, the supervisor concluded that Mother "ha[d] achieved all Behavioral Changes related to safety to address the reasons the children were placed into custody . . . ."  After hearing testimony from Mother and two CPS representatives, and after reviewing documents admitted in evidence, the superior court terminated Mother's parental rights based on time in care, pursuant to A.R.S. §§ 8-533(B)(8)(a), (b), and (c) (2014).

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

¶4　　　　Parental rights may be terminated on time-in-care grounds if the superior court finds, by clear and convincing evidence, that CPS made a diligent effort to provide family-reunification services and "the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement." A.R.S. § 8-533(B)(8)(c); *see also Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234-35, ¶ 14, 256 P.3d 628, 631-32 (App. 2011). ADES confesses error, acknowledging the record contains insufficient evidence to support the superior court's order.

¶5　　　　We will affirm an order of termination that is supported by reasonable evidence. *Xavier R. v. Joseph R.*, 230 Ariz. 96, 100, ¶ 11, 280 P.3d 640, 644 (App. 2012). We agree with ADES that the record contains insufficient evidence to support the order of termination. The CPS supervisor charged with assessing Mother's case determined that she had made all necessary behavioral changes "to address the reasons the children were placed into custody." Additionally, CPS failed to offer Mother certain recommended family-reunification services. Mother's psychological evaluator recommended couples counseling for Mother and Father and that Mother participate in her children's therapy. CPS did not offer these services to Mother. CPS also failed to conduct a best-interests assessment of the children, although such an assessment was recommended by the same CPS evaluator. When CPS "neglects to offer the very services that its consulting expert recommends," it fails to fulfill its duty to provide reunification services to a parent. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 96, ¶ 29, 219 P.3d 296, 306 (App. 2009).

¶6　　　　For the reasons stated, we reverse the superior court's order.



Ruth A. Willingham · Clerk of the Court
FILED: gsh