NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERIN R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,[1] M.R., *Appellees*.

No. 1 CA-JV 14-0186
FILED 12-09-2014

Appeal from the Superior Court in Maricopa County
No.  JD 23125
The Honorable Shellie F. Smith, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee Department of Child Safety*

Denise Lynn Carroll, Scottsdale
*Counsel for Appellant*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27.

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1            Erin R. ("Mother") appeals the superior court's order terminating her parental rights to daughter M.R.   For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

¶2            M.R. was born in November 2003.   M.R.'s older brother removed her from Mother's home in 2012 and placed her with relatives because Mother had disappeared and the home lacked power or running water.   In January 2013, DCS took custody of M.R., filed a dependency petition, and placed M.R. with her maternal grandmother.   Mother could not be located, so DCS served her through publication. M.R.'s grandmother obtained an order of protection against Mother that, among other things, prohibited Mother from having any contact with M.R.

¶3            In April 2013, Mother contacted DCS, and the agency began offering her services.   Mother, however, did not appear at the dependency hearing, and the superior court found M.R. dependent and approved a case plan of severance and adoption. In June 2013, DCS moved to terminate Mother's parental rights, alleging abandonment under A.R.S. §§ 8-531(1) and -533(B)(1), and a history of chronic drug abuse under A.R.S. § 8-533(B)(3).   DCS later amended the petition to also allege that M.R. had been in an out-of-home placement for both nine and fifteen months under A.R.S §§ 8-533(B)(8)(a) and -533(B)(8)(c), respectively.

¶4            Mother did not appear at the severance trial, which proceeded in her absence. Concluding that DCS had proven all of the alleged grounds and that severance was in M.R.'s best interests, the

---

[2]      On appeal, "[w]e view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

superior court terminated Mother's parental rights. Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶5** A court may terminate parental rights if it finds a statutory ground for severance by clear and convincing evidence. A.R.S. §§ 8-533(B), -537(B). We review termination orders for an abuse of discretion. *See Xavier R. v. Joseph R.*, 230 Ariz. 96, 100, ¶ 11, 280 P.3d 640, 644 (App. 2012).

**¶6** Mother's sole contention on appeal is that DCS did not provide appropriate services because it did not establish visitation with M.R. When DCS seeks to terminate a parent-child relationship based on time in care, it must establish, by clear and convincing evidence, that it "made a diligent effort to provide appropriate reunification services." *See* A.R.S. §§ 8-533(B)(8), -537(B); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234-35, ¶¶ 12-15, 256 P.3d 628, 631-32 (App. 2011).

**¶7** DCS imposed two conditions on visitation: (1) that Mother demonstrate sobriety; and (2) that Mother resolve the order of protection issued by a different court that prevented contact with M.R. The case manager testified Mother has a history of chronic substance abuse, has "been in different rehabs," and has used drugs since the age of 13. DCS offered Mother substance abuse treatment, drug testing, and bus passes. DCS advised Mother she would be offered additional services if she demonstrated sobriety. Mother, however, did not follow through with the offered services. Although DCS referred her to substance abuse treatment on more than five occasions, Mother only went to two initial evaluations, and despite being recommended for further treatment, "never showed up anymore." Additionally, Mother knew she was required to call in for random drug testing instructions every day and to test when directed. However, she called in erratically, and failed to test as directed on at least 13 occasions. The case manager testified Mother's substance abuse was continuing, and due to lack of compliance with the services offered, further rehabilitative services would be futile. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 49-50, ¶¶ 15-18, 83 P.3d 43, 49-50 (App. 2004) (DCS need not offer futile services).

**¶8** The case manager further testified DCS would have offered a parent aide to facilitate visitation if Mother had resolved the outstanding order of protection. However, as the superior court found, Mother "made

no effort to have the order of protection lifted so that she could visit her daughter." *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 25, 995 P.2d 682, 687 (2000) ("The burden to act as a parent rests with the parent, who should assert [her] legal rights at the first and every opportunity."). On this record, the superior court properly concluded that DCS made a diligent effort to provide appropriate reunification services.

**CONCLUSION**

¶9　　　　We affirm the order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: gsh