NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANGELA E.,
*Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.M.,
*Appellees*.

No. 1 CA-JV 15-0133
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No.  JD511110
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Denise Lynn Carroll, Scottsdale
*Counsel for Appellant*

Arizona Attorney's General Office, Mesa
By Eric Knobloch
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1            Angela E. (Mother) appeals the juvenile court's termination of her parental rights to R.M. (Child).  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2            Child was born in March 2008 and taken into custody by the Department of Child Services (DCS) in June 2013, after Mother was detained at the Arizona/Mexico border attempting to smuggle approximately twenty pounds of methamphetamine and five pounds of heroin into the United States.  Mother was later convicted of a felony for smuggling drugs into the United States and agreeing to transport money back to Mexico.  She was sentenced to a term of six years, eight months imprisonment and is anticipated to be released in 2020.

¶3            Child was found dependent as to Mother in January 2014 and was placed in the care of his maternal aunt and uncle.  DCS moved for termination of Mother's parental rights pursuant to Arizona Revised Statutes (A.R.S.) section 8-533.B.4, length of felony incarceration.

¶4            At the severance hearing, Mother testified that she believed she could parent Child "over the phone and through letters."  However, Child refused telephonic communication with Mother after she was incarcerated.

¶5            The juvenile court terminated Mother's parental rights, and found severance was in Child's best interests.  Mother timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona

---

[1]      "[W]e view the facts in the light most favorable to affirming the [juvenile] court's findings." *Michael J. v. Ariz. Dep't. of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000) (punctuation omitted).

Constitution and A.R.S. §§ 8-235.A and 12-120.21.A.1 and -2101.A (West 2015).[2]

## DISCUSSION

**¶6**         We review an order terminating parental rights for an abuse of discretion and will affirm if the ruling is supported by sufficient evidence. *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013). "To justify termination of the parent-child relationship, the trial court must find, by clear and convincing evidence, at least one of the statutory grounds set out in [A.R.S. § 8-533], and also that termination is in the best interest[s] of the child." *Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 78, ¶ 6 (App. 2005) (punctuation omitted).

**¶7**         Mother does not challenge the juvenile court's grounds for termination. Thus, we only consider whether severance was in Child's best interests. "[A] preponderance of the evidence must demonstrate that termination is in the best interests of the child." *Ariz. Dep't. of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

**¶8**         Mother argues that the juvenile court erred by finding severance was in Child's best interests. Mother contends that it erred by failing to consider a permanent guardianship, which she maintains is in Child's best interests.

**¶9**         Although Mother testified that she would prefer the imposition of a guardianship over termination of her parental rights, Child's placement did not apply for a guardianship. The juvenile court lacks jurisdiction to institute a guardianship *sua sponte*. *See Ariz. Dep't of Econ. Sec. v. Stanford*, 234 Ariz. 477, 480, ¶¶ 13-14 (App. 2014). Thus, this was not an option the juvenile court could consider.

**¶10**         Mother alleges "[DCS] failed to show how reunification would incur a detriment to the child." Mother also argues that severance was not in Child's best interests because she presented evidence that Child was bonded to her and that she attempted to call him regularly. Mother essentially asks us to reweigh the evidence presented to the juvenile court, which we will not do on appeal. *See Xavier R. v. Joseph R.*, 230 Ariz. 96, 100, ¶ 12 (App. 2012).

---

[2]         We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**¶11** In determining whether severance is in a child's best interests, the juvenile court may consider whether: "1) an adoptive placement is immediately available; 2) the existing placement is meeting the needs of the child; and 3) the [child] [is] adoptable." *Raymond F. v. Ariz. Dep't. of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010) (citations omitted).

**¶12** The juvenile court found termination was in Child's best interest because, "[t]ermination of Mother's parental rights will make the child available for adoption and provide a safe, permanent and stable drug free environment with his maternal aunt and uncle who are demonstrating they are capable of addressing all of the child's . . . needs."

**¶13** Sufficient evidence supports the juvenile court's findings. The DCS caseworker testified that severance was in Child's best interests because it would provide him a more stable home life and adoptive parents who could provide for his needs. With regards to Child's aunt and uncle, the caseworker further testified:

> I think they are an excellent placement. They're looking out for his emotional well-being. They're looking out for him medically. They recently got him glasses. They're interested in him educationally. They're interested in him psychologically. They see that he's a bit hyperactive. They're seeking all the services that he needs, and they're acting appropriately, like a parent would.

Thus, the juvenile court did not err by finding severance was in Child's best interests.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the juvenile court's termination order.



Ruth A. Willingham · Clerk of the Court
FILED: ama