NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER P.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, D.D.,
*Appellees.*

No. 1 CA-JV 17-0583
FILED 6-26-2018

Appeal from the Superior Court in Maricopa County
No. JD33054
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee DCS*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

_____

**J O H N S E N**, Judge:

¶1        Jennifer P. ("Mother") appeals the superior court's order severing her parental rights to her child, arguing that the court erred in finding that severance was in her child's best interests.  Because substantial evidence supports the court's best-interests finding, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother has a long history of abusing various drugs and alcohol.  In August 2016, the Department of Child Safety ("DCS") received a report that Mother was addicted to heroin and other drugs and was bringing along her child, then six years old, when she visited her drug dealer.  DCS filed a dependency petition, alleging that Mother had neglected her child because of her substance abuse and mental-health issues.[1]  A drug-treatment center diagnosed Mother with a substance-abuse disorder involving heroin and opiate pills.  A psychologist who examined Mother reported that she displayed attitudes and beliefs that were inappropriate for a parent, and he recommended that her child not be returned to her care until she demonstrated that she was sober for six months to a year.  The superior court found the child dependent as to Mother in November 2016.

¶3        During the dependency, DCS referred Mother to various services, but Mother did not consistently participate in them.  After initially complying, Mother's participation in group therapy became sporadic.  Mother missed most of the scheduled drug tests throughout the dependency, giving various excuses for missing those tests.  In December 2016, Mother tested positive for oxycodone at a methadone clinic where she was receiving treatment.  At another methadone clinic, Mother tested positive for methamphetamine and opiates other than methadone in

_____

[1]        DCS also alleged the child was dependent as to his father, and the court ultimately severed his parental rights when it severed Mother's.  The father is not a party to this appeal.

January 2017, and she tested positive for methamphetamine again in April 2017. In August 2017, police arrested Mother for an outstanding warrant and found drug paraphernalia in her possession. In September 2017, Mother was closed out of drug treatment for lack of compliance. DCS also provided Mother with a referral to a parent-aide service, but Mother was closed out of that service because of lack of contact. Mother also did not consistently take advantage of the opportunity for supervised visits with her child.

¶4 After removing the child from Mother's care in 2016, DCS placed him with his half-sister and the half-sister's father, where he remained throughout the dependency. The child formed strong bonds with both his half-sister and her father and enjoyed being with them; he also did well in school and participated in extracurricular activities. The half-sister's father provided a safe and stable home and was willing to adopt the child.

¶5 DCS moved for severance in August 2017 on grounds of chronic substance abuse pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) (2018) and nine months' time in care pursuant to A.R.S. § 8-533(B)(8)(a).[2] At the close of evidence at the severance hearing on December 11, 2017, the court stated it would terminate Mother's parental rights on both grounds and ordered DCS to file proposed findings of fact and conclusions of law. DCS did so, and the court entered a formal order incorporating the findings and conclusions.

¶6 Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 8-235(A) (2018), 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

## DISCUSSION

¶7 Mother does not contest the grounds for severance; she argues only that insufficient evidence supported the superior court's finding that severance was in the best interests of her child. In particular, Mother argues DCS failed to show that her child would affirmatively benefit from severance or suffer a detriment if severance were denied.

¶8 Termination of parental rights requires clear and convincing evidence of a statutory ground set out in § 8-533(B), *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000), and proof by a preponderance of the evidence that termination is in the best interests of the child, *see Kent*

---

[2] Absent material revision since the relevant date, we cite a statute's most current version.

*K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

**¶9**　　　　DCS can establish that severance is in the best interests of the child "by either showing an affirmative benefit to the child by removal or a detriment to the child by continuing in the relationship." *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 14 (App. 2002). When the superior court severs a parent-child relationship, the court "must include a finding as to how the child[] would benefit from a severance or be harmed by the continuation of the relationship." *Xavier R. v. Joseph R.*, 230 Ariz. 96, 99-100, ¶ 11 (App. 2012); *see also* A.R.S. § 8-538(A) (2018) (order terminating parental rights "shall recite the findings on which the order is based"). We do not reweigh the evidence and defer to the superior court's factual findings unless they are clearly erroneous. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). A finding of fact is not clearly erroneous unless no reasonable evidence supports it. *Id.*

**¶10**　　　　"In combination, the existence of a statutory ground for severance and the immediate availability of a suitable adoptive placement for the child[] frequently are sufficient to support a severance order." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 335, ¶ 8 (App. 2004). In *Mary Lou C.*, 207 Ariz. at 50-51, ¶¶ 20-22, we affirmed the superior court's best-interests finding when the child was in an appropriate adoptive placement and the mother had a history of substance abuse that rendered her unable to parent.

**¶11**　　　　Here, similar facts dictate the same result. The court supported its conclusion that severance would serve the child's best interests by finding that "[t]he child is residing in an adoptive placement which is meeting all of his needs" and that severance would further the adoption, "which would provide the child with permanency and stability."

**¶12**　　　　The evidence supports the court's findings. Mother's caseworker testified the child was in an adoptive placement that was meeting his needs and he would benefit from the stability of a permanent home. The caseworker's testimony was substantial evidence of the adoptive placement and its attendant affirmative benefits of permanency and stability. The substantial evidence of a suitable adoptive placement, coupled with Mother's chronic substance abuse, sufficiently supports the finding that severance was in her child's best interests.

**¶13**        Mother argues that the superior court did not "give proper weight" to other evidence, including excerpts from DCS reports showing that Mother and her child expressed love for each other, the child enjoyed his visits with Mother and would express sadness when those visits would end, and Mother interacted appropriately and positively with the child during visits.  Mother contends that if the court had properly considered the totality of circumstances, its only possible reasonable conclusion would have been that severance would harm the child more than it would benefit him.  But we do not reweigh the evidence and will affirm a severance order when substantial evidence supports it, as it does here.  *See Mary Lou C.*, 207 Ariz. at 47, ¶ 8.

**¶14**        Finally, Mother suggests that the superior court misconstrued the severance statute as requiring termination when there are grounds for severance and the child is in an adoptive placement.  She cites no record support for this argument, however, and we see none.

## CONCLUSION

**¶15**        Because Mother did not challenge the grounds for severance and substantial evidence supports the superior court's finding that severance was in the child's best interests, we affirm the order severing Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:   AA